UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Sam Wolk,                                  Civil No. 22-CV-1666 (JWB/DTS)

         Plaintiff,

v.                                         **RULE 26(F) REPORT**

The City of Brooklyn Park, et al.,

         Defendants.

---

The parties identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules on August 14, 2023, and then again subsequently on September 18, 2024 and prepared the following report.

The initial pretrial conference required under Fed. R. Civ. P. 16 and LR 16.2 is scheduled for **October 7, 2024 at 9:30 a.m.** before United States Magistrate Judge David T. Schultz in Courtroom 9E, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.

Counsel have reviewed the amendments to the Federal Rules of Civil Procedure effective December 1, 2015 and are familiar with the amendments.

### TRIAL BY MAGISTRATE JUDGE

28 U.S.C. § 636(c) permits parties to consent to the jurisdiction of the magistrate judge for all pre-trial and trial proceedings. Parties who consent to the magistrate judge **do not** waive their right to a jury trial or their right to appeal directly to the Eighth Circuit from any judgment that is entered. They will also retain the ability to engage in a settlement conference presided over by a magistrate judge in this district. **If, but only if, the parties consent to the magistrate judge they may request a date certain for trial set at the Rule 16 conference, and a date certain for trial will be set at that time.**

The parties **do not** consent to jurisdiction of the magistrate pursuant to 28 U.S.C. § 636(c).

The parties **do not** wish to receive a date certain for trial at the Rule 16(a) conference.

## DESCRIPTION OF THE CASE

1. Concise factual summary of Plaintiff's claims:

Plaintiff brings this action under 42 U.S.C. § 1983 for injunctive and declaratory relief stemming from injuries they suffered in retaliation for exercising their First Amendment Rights by the City of Brooklyn Center, Brooklyn Center Police Commander Tony Gruenig, Hennepin County, Hennepin County Sheriff David, Minnesota Department of Natural Resources Director of Enforcement Colonel Rodman Smith, Minnesota Department of Natural Resources Incident Commander Captain Aaron Kahre, and John Does 1-100. Plaintiff also seeks damages for the violations of their constitutional rights.

2. Concise factual summary of Defendants' claims/defenses:

Brooklyn Center Defendants submit Plaintiff has failed to support their Section 1983 claims for First Amendment retaliation. Furthermore, Plaintiff's claims are barred by the doctrines of qualified, statutory, and official immunity.

Defendants Hennepin County and former Hennepin County Sheriff David Hutchinson (the "Hennepin Defendants") state that Plaintiff has failed to support their Section 1983 claims for First Amendment retaliation. Plaintiff's claims are also barred by the doctrines of qualified, statutory, and official immunity.

Defendant DNR Colonel Rodmen Smith and DNR Captain Aaron Kahre state that Plaintiff has failed to support their Section 1983 claims for First Amendment retaliation. Plaintiff's claims are also barred qualified, statutory, and official immunity.

3. Statement of jurisdiction (including statutory citations):

The Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under 42 U.S.C. § 1983. Venue is proper in this District under 28 U.S.C. § 1391 because Defendants reside in this District and the events and omissions giving rise to the claims in the Complaint occurred wholly in this District.

The Hennepin Defendants state that former Sheriff Hutchinson no longer resides in this district.

4. Summary of factual stipulations or agreements: None

5. Statement of whether a jury trial has been timely demanded by any party:

   A jury trial has been timely demanded by all parties.

6. Statement as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable:

The parties do not agree to resolve this matter pursuant to the Rules of Procedure for Expedited Trials.

## PLEADINGS

Statement as to whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action:

Process has been served on all Defendants currently named in the Amended Complaint except for the John Doe defendants. Defendants filed motions to dismiss on the pleadings, and the Court partially granted those motions, dismissing Plaintiff's due process claims. The United States Court of Appeals for the Eighth Circuit granted sovereign immunity to the DNR, a state agency. The Eighth Circuit also granted qualified immunity to all Defendants on all claims except Plaintiff's First Amendment retaliation claims. Plaintiff intends to file an amended complaint reflecting Plaintiff's remaining claims and naming additional defendants identified during the pendency of Defendants' appeal. Plaintiff may file another amended complaint if and when the identities of additional John Doe Defendants are revealed.

## FACT DISCOVERY

The parties request the Court establish the following fact discovery deadlines and limitations:

1. The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before **November 1, 2024.** If the parties include a description by category and location of documents, they agree to exchange copies of those initially disclosed.

2. The parties must complete any physical or mental examinations under Fed. R. Civ. P. 35 by **September 1, 2025.**

3

3. The parties must commence fact discovery procedures in time to be completed by **August 1, 2025**.

4. The parties propose that the Court limit the use and numbers of discovery procedures as follows:

    a. **30** interrogatories per party served on another party. Defendants will work in good faith to serve joint requests to avoid duplicative requests to Plaintiff to the extent possible.;

    b. **35** document requests per party served on another party. Defendants will work in good faith to serve joint requests to avoid duplicative requests to Plaintiff to the extent possible.;

    c. **30** requests for admission. Defendants will work in good faith to serve joint requests to avoid duplicative requests to Plaintiff to the extent possible.;

The parties have discussed a protocol for the authentication of documents and agree on the following: Anticipated documents in this case will be from law enforcement agencies, medical providers, or other third parties, which the parties anticipate will either (1) state the record is from the office where items of the kind are kept; or (2) be self-authenticating. The parties do not anticipate a need for the use of requests for admission to authenticate third-party or party documents. This does not waive the ability to object to admissibility on another basis.

    d. **20** factual depositions per side;

    e. **2** Rule 35 medical examinations; and

    f. The parties have discussed the topic of Rule 30(b)(6) deposition practice and have made the following agreements: Topic lists will be served at least 30 days in advance of a deposition. The deposition will occur within the city where the entity is located, unless another location is mutually agreed upon.

## EXPERT DISCOVERY

1. The parties anticipate that they will require expert witnesses at the time of trial

    a. Plaintiff anticipates calling up to **5** or more experts in the fields of: use of force and/or less-lethal munitions; police training, supervision and discipline; medicine and healthcare, large scale use of force modeling

b. Brooklyn Center Defendants anticipate calling up to **5** experts in the fields of: use of force, police practices, civil unrest and independent medical examiners. Defendants anticipate joint retention of experts where feasible.

c. The Hennepin Defendants anticipate calling up to **5** experts in the fields of: use of force, police practices, biomechanical and injury reconstruction, and independent medical examiners. Defendants anticipate joint retention of experts where feasible.

d. Colonel Smith and Captain Kahre anticipate calling up to **5** experts in the fields of use of force, civil unrest, and medicine and healthcare.

2. The parties propose that the Court establish the following plan for expert discovery:

   a. Expert Disclosures

      (i) The identity of any expert who Plaintiff may call to testify at trial and the written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) and/or the disclosure required by Fed. R. Civ. P. 26(a)(2)(C) must be served on or before **October 1, 2025.**

      (ii) The identity of any expert who Defendant may call to testify at trial and the written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) and/or the disclosure required by Fed. R. Civ. P. 26(a)(2)(C) must be served on or before **December 1, 2025.**

   b. All expert discovery, including expert depositions, must be completed by **February 1, 2026.**

## OTHER DISCOVERY ISSUES

1. Protective Order.

   The parties **have** discussed whether they believe that a protective order is necessary to govern discovery and **will** jointly submit a proposed protective order. Local Rule 5.6 governs filing under seal. Therefore, any proposed protective order must include the following provisions: All counsel acknowledge they have reviewed Local Rule 5.6 which governs filing under seal; procedures are incorporated herein by reference.

2. Discovery of Electronically Stored Information.

    The parties have discussed the scope of electronic discovery, including relevance and proportionality, and any issues about preserving electronic discovery. The parties have also discussed the form or forms in which electronic discovery should be produced. They informed the Court of the following agreements or issues:

    The parties will further meet and confer by **October 15, 2024**, to discuss their plan for formal protocol for electronic discovery. They agree to present any disputes regarding an electronic discovery plan and protocol to the Court by **November 1, 2024**.

3. Claims of Privilege or Protection

    The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D), including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evidence 502 and:

    The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial preparation material. Pursuant to Fed. R. Evid. 502 the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents in this or any other federal or state proceeding.

## MOTION SCHEDULE

The parties proposed the following deadlines for filing motions:

1. Motions seeking to join other parties must be filed and served by **May 1, 2025.**

2. Motions seeking to amend the pleadings must be filed and served by **May 1, 2025.**

3. Non-Dispositive Motions

    a. All non-dispositive motions relating to *fact* discovery must be filed and served by **September 15, 2025.**

    b. All other non-dispositive motions, including motions relating to *expert*

> discovery, must be filed and served by **March 2, 2026.**

4. Dispositive Motions: All dispositive motions must be served and filed by **May 2, 2026**.

## TRIAL

1. The parties agree that the case will be ready for trial on or after **July 1, 2026**.

2. The anticipated length of the jury trial is:
   i. **Plaintiff proposes:** 10-14 days
   ii. **Defendants propose:** 4-5 days

## INSURANCE CARRIERS/INDEMNITORS

List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured.

Brooklyn Center and its employees are self-insured participating members of the League of Minnesota Cities Insurance Trust with coverage limits of $2,000,000 per occurrence.

Hennepin County is self-insured and is defending and indemnifying former Sheriff Hutchinson pursuant to state statute and County policy.

The State of Minnesota, by and through its Department of Natural Resources, is self-insured and it is defending and indemnifying Colonel Smith and Captain Kahre pursuant to state law.

## SETTLEMENT

The parties have discussed before or at the Rule 26(f) meet-and-confer and each party will e-mail a confidential letter setting forth what settlement discussions have taken place and whether the parties believe an early settlement conference would be productive.

The parties proposed that a settlement conference be scheduled to take place after the dispositive motion deadline.

Dated: September 19, 2024						/s/ Daniel J. Nordin
								Daniel E. Gustafson (#202241)
								Daniel J. Nordin (#392393)
								Anthony Stauber (#401093)
								Frances Mahoney-Mosedale (#402741)
								GUSTAFSON GLUEK PLLC
								Canadian Pacific Plaza
								120 South 6th Street, Suite 2600
								Minneapolis, MN 55402
								Telephone: (612) 333-8844
								Facsimile: (612) 339-6622
								dgustafson@gustafsongluek.com
								dnordin@gustafsongluek.com
								fmahoneymosedale@gustafsongluek.com

								*Attorneys for Plaintiff*


Dated: September 19, 2024						/s/ Stephanie A. Angolkar

								Jason M. Hiveley, #311546
								Stephanie A. Angolkar, #388336
								Ashley M. Ramstad, #402446
								IVERSON REUVERS
								9321 Ensign Avenue South
								Bloomington, MN 55438
								jasonh@iversonlaw.com
								stephanie@iversonlaw.com
								ashley@iversonlaw.com
								(952) 548-7200

								*Attorneys for City of Brooklyn Center and Commander Tony Gruenig*

| | |
|---|---|
| September 20, 2024 | KEITH ELLISON<br>Attorney General<br>STATE OF MINNESOTA<br>/s/ Peter J. Farrell<br>PETER J. FARRELL<br>Deputy Solicitor General<br>Atty. Reg. No. 0393071<br>445 Minnesota Street, Suite 1400<br>St. Paul, Minnesota 55101-2131<br>(651) 757-1424 (Voice)<br>(651) 297-4139 (Fax)<br>peter.farrell@ag.state.mn.us<br><br>*Attorneys for the DNR Defendants* |
| September 20, 2024 | Mary F. Moriarty<br>Hennepin County Attorney<br>/s/ Leaf McGregor<br>DEVONA L.WELLS (0392052)<br>SARAH McLAREN (0345878)<br>LEAF McGREGOR (0389140)<br>JAMIL M.F. MASROUJEH (0400895)<br>Assistant County Attorneys<br>2000A Government Center, MC200<br>300 South Sixth Street<br>Minneapolis, MN 55487<br>Telephone:(612)348-5532<br>FAX No:(612)348-8299<br>Devona.Wells@hennepin.us<br>Sarah.McLaren@hennepin.us<br>Leaf.McGregor@hennepin.us<br>Jamil.Masroujeh@hennepin.us<br><br>*Attorneys for Defendants Hennepin County and Hennepin County Sheriff David Hutchinson* |